```
             UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                   EASTERN DIVISION
```

JOSEPH ALLEN ET AL.                                         PLAINTIFFS

VS.                                      CIVIL ACTION NO. 4:02CV38LN

KENTUCKY FINANCE COMPANY, INC., ET AL.                      DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant Kentucky Finance Company, Inc. for summary judgment as to the claims of the sole remaining plaintiff in this cause, Yvonne Triplett, on the basis that her claims are barred by the applicable three-year statute of limitations established by Mississippi Code Annotated § 15-1-49. Triplett has not responded to the motion. The court, having considered the memorandum of authorities, together with attachments, submitted by Kentucky Finance, concludes that the motion is well taken and should be granted.

Triplett filed this action complaining of alleged wrongs in connection with a loan transaction, and charging, more particularly, that defendant concealed its sale of credit insurance products, failed to disclose to her that the insurance premiums it charged were excessive and/or overinflated in comparison to other similar insurance products on the market and that the insurance premiums were inflated due to undisclosed

commissions.  Defendant asserts as the principal basis for its motion that plaintiff's complaint, having been filed more than ten years after the subject loan transaction, is clearly time barred by the applicable three-year statute of limitations.  Indeed, it is apparent that, barring some basis for tolling the running of the limitations period, plaintiff's claims are time barred.

Regarding the tolling issue, defendant argues that while plaintiff's complaint does allude to the doctrine of fraudulent concealment as a possible basis for tolling the limitations period, that doctrine is not even arguably applicable here. According to defendants, plaintiff has not and cannot identify any subsequent acts of concealment to support her invocation of the fraudulent concealment doctrine, nor can she show she exercised reasonable diligence to discover her claims, particularly given that all the information which plaintiff alleges was concealed from her was, in fact, included in documents provided to plaintiff at the time of the transaction. See Stephens v. Equitable Life Assurance Society, 850 So. 2d 78, 82 (Miss. 2003) (describing proof required for fraudulent concealment).  Again, defendants are correct.  Indeed, this case is in all relevant respects indistinguishable from the identical claims of other plaintiffs in this very case which the court has previously found to be time-barred, see Allen v. Kentucky Finance, Inc., No. 4:02CV38LN (S.D. Miss. Sept. 8, 2005), and from numerous other cases in which the

court has found plaintiffs' claims for alleged misrepresentations/ concealment in their loan transactions to be time-barred. See, e.g., Ross v. Citifinancial, Inc., 344 F.3d 458, 464 (5th Cir. 2003); Liddell v. First Family Financial Servs, Inc., No. 4:02CV431LN (S.D. Miss. Sept. 30, 2004), aff'd, 2005 WL 2044555 (5th Cir. Aug. 25, 2005); Harrison v. Commercial Credit Corp., 2003 WL 1844464 (S.D. Miss. March 20, 2003).

Accordingly, it is ordered that defendant's motion for summary judgment as to the claims of Yvonne Triplett is granted.

SO ORDERED this 28th day of March, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE